UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>Plaintiff,<br><br>v.<br><br>MZM FAKHOURI, INC.,<br><br>Defendant. | Case No. 5:21-cv-03327-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF; DENYING PLAINTIFFS' MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 14, 16 |

On August 25, 2021, Defendant MZM Fakhouri, Inc., filed a motion for administrative relief requesting that the Court order Plaintiff to provide documentation of attorneys' fees and costs pursuant to General Order 56. Motion for Administrative Relief and for Monetary Sanctions ("Mot."), Dkt. No. 14. The motion also seeks monetary sanctions (reimbursement for the costs associated with bringing the motion) for Plaintiff's refusal to comply with General Order 56. Plaintiff filed a motion to strike Defendant's motion for administrative relief and an opposition to the motion. Plaintiff's Motion for Administrative Relief to Strike ("Mot. to Strike"), Dkt. No. 16; Plaintiff's Opposition to Motion for Administrative Relief ("Opp."), Dkt. No. 17. The Court **GRANTS** Defendant's Motion for Administrative Relief and **DENIES** Plaintiff's Motion to Strike.

**I.      BACKGROUND**

Defendant was served with the Complaint on July 10, 2021. Dkt. No. 10. On July 13, 2021, Plaintiff's counsel sent Defendant a settlement demand in the amount of "$24,000 and remediation." Declaration of Moji Saniefar in Support of Motion for Administrative Relief ("Saniefar Decl.") ¶ 3, Ex. A at 1. Defense counsel responded to a different email from Plaintiff's

counsel on July 27, 2021, indicating that the settlement demand was too high, but that Defendant wanted to engage in settlement discussions to conserve fees and costs. Saniefar Decl. ¶ 5, Ex. B at 5. In response, Plaintiff's counsel reiterated the settlement demand of $24,000. Saniefar Decl. ¶ 5, Ex. B at 3–4. Defense counsel responded, again stating that the settlement demand was too high. Defense counsel stated that Defendant was willing to pay $4,000 to Plaintiff in statutory damages and $2,500 to Plaintiff's counsel for legal fees and costs. Saniefar Decl. ¶ 6, Ex. B at 3. Plaintiff's counsel demanded $22,000 in response. Saniefar Decl. ¶ 6, Ex. B at 2–3. Defense counsel again responded that the demand was too high and again offered $6,500 to settle the matter in its entirety. Defense counsel also requested that Plaintiff provide a summarization of fees and costs, as required by General Order 56. Saniefar Decl. ¶ 8, Ex. B at 1–2. Plaintiff responded by stating, "My demand is revoked. We will settle for $4,000 and fees to be determined by motion." To date, no documentation has been provided to Defendant. Saniefar Decl. ¶ 8, Ex. B at 1–2.

## II.  PLAINTIFF'S MOTION TO STRIKE

Plaintiff argues that pursuant to Federal Rule of Evidence 408, this Court should strike Defendant's motion or seal it because the motion contains information about confidential settlement negotiations.

As this Court noted in its *Johnson v. Oak Creek Investments*, 2019 U.S. Dist. LEXIS 218538 (N.D. Cal. Dec. 19, 2019) order, Federal Rule of Evidence 408 protects settlement negotiations only if they are "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Indeed, "at least some communications made in furtherance of [settlement] negotiations are discoverable, as Rule 408 permits their use in some aspects of trial." *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 584 (N.D. Cal. Oct 22, 2008). As the Advisory Committee Notes to Rule 408 explain, "evidence, such as documents, is not rendered inadmissible merely because it is presented in the course of compromise negotiations."

Case No.: 5:21-cv-03327-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF; DENYING PLAINTIFFS' MOTION TO STRIKE

2

Mere reference to settlement discussions does not automatically support a motion to strike. Here, Defendant's reference to settlement discussions in its administrative motion is permissible. The purpose of referencing the discussions was not to prove liability or apportion fault (as forbidden by Rule 408). Rather, the purpose was to show noncompliance with General Order 56. This purpose is not forbidden by Rule 408. Plaintiff presents no alternative grounds supporting its Motion to Strike. Accordingly, Plaintiff's Motion to Strike is **DENIED**.

### III.     DEFENDANT'S ADMINISTRATIVE MOTION

Defendant argues that pursuant to General Order 56(5b), it is entitled to a detailed statement of costs and attorney's fees.

General Order 56 (5b) provides:

> Whenever plaintiff makes a monetary demand, defendant may request and plaintiff then promptly shall provide an itemization of costs, an overall summary of the major categories of work performed, the total number of hours each time keeper spent on each category of work, and each time keeper's billing rate. If plaintiff prefers, plaintiff may instead provide complete, detailed time records (redacted, if necessary, for attorney-client privilege and work product).

Under this language, once Plaintiff contacted Defendant with a settlement offer, General Order 56 allowed Defendant to request an itemization of costs and fees. That is what happened here. Plaintiff sought $24,000 to settle the action, Defendant countered and requested an itemization of costs. It is irrelevant that Plaintiff later withdrew its $24,000 demand and sought to determine attorneys' fees by motion. General Order 56 is clear, once a plaintiff makes a settlement demand, the defendant is entitled to an itemization of costs.

Plaintiff argues that he need not provide documentation to Defendant because this information is protected by attorney-client privilege. The California Supreme Court has held that "[w]hen a legal matter remains pending and active, the privilege encompasses everything in an invoice, including the amount of aggregate fees . . . because . . . [the invoice] might very well reveal . . . investigative efforts and trial strategy." *L.A. Cnty. Bd. of Supervisors v. Superior Court*, 386 P.3d 773, 781 (Cal. 2016) (quotation marks and citation omitted). However, even during

Case No.: 5:21-cv-03327-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF; DENYING PLAINTIFFS' MOTION TO STRIKE

3

active litigation "there may come a point when this very same information no longer communicates anything privileged, because it no longer provides any insight into litigation strategy or legal consultation." *Id.* at 782.

Here, the request for billing invoices came after the parties agreed to settle both the injunctive and damages aspects of the case. In fact, the parties have reached a settlement agreement. The only issue remaining between the Parties is the amount of attorneys' fees owed to Plaintiff, which Plaintiff plans to resolve via a motion. Given this stage of the litigation, fee information can be disclosed without "provid[ing] any insight into litigation strategy or legal consultation." *L.A. Cnty. Bd. of Supervisors*, 386 P.3d at 782. Further, in its motion, Plaintiff will have to provide attorneys' fees documentation, so it is strange to deny Defendant access to the information during settlement negotiations. *See* Dkt. No. 24 (noticing need for mediation).

## IV.     CONCLUSION

The Court **ORDERS** Plaintiff to provide Defendant with a summarization of fees and costs as required by General Order 56. Plaintiff shall provide this information by **December 13, 2021**.

Defense counsel seeks $4,950 for reimbursement of fees and costs related to preparing the motion regarding Plaintiff's noncompliance with General Order 56 and has submitted a declaration that supports reimbursement. Saniefar Decl. ¶ 14. The Court finds defense counsel billed: (1) a reasonable number of hours, (2) at a reasonable hourly rate, (3) and asks for an appropriate amount in fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The request for fees is **GRANTED** and Defendant shall receive $4,950.00 in fees associated with bringing this motion.

**IT IS SO ORDERED.**

Dated: December 6, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-03327-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF; DENYING PLAINTIFFS' MOTION TO STRIKE

4