UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>   Plaintiff,<br><br>v.<br><br>MZM FAKHOURI, INC.,<br><br>   Defendant. | Case No.  5:21-cv-03327-EJD<br><br>**ORDER DENYING MOTION FOR LEAVE TO SEEK RECONSIDERATION**<br><br>Re: Dkt. No. 27 |

Plaintiff requests leave to file a motion for reconsideration of this Court's December 6, 2021 Order, where the Court granted Defendant's administrative motion for relief. Dkt. No. 26. As recounted in the Court's Order, after Plaintiff contacted Defendant with a settlement demand, Defendant requested a summarization of fees and costs as permitted by General Order 56. Plaintiff failed to comply with this request, which forced Defendant to file an administrative motion for relief. Plaintiff then filed a motion to strike portions of Defendant's motion. While Plaintiff ultimately complied with Defendant's request for a summarization of fees and costs, see Dkt. No. 21, Defendant still sought to have its administrative motion considered. Specifically, Defendant noted that while Plaintiff's belated production complied with General Order 56, it did not redress the costs associated with bringing the administrative motion. For this reason, Defendant requested that the Court still adjudicate its administrative motion to determine whether sanctions were appropriate.

The Court determined that under General Order 56, Defendant was entitled to a summary of fees and costs and ordered that Plaintiff provide this summarization *and* reimburse defense counsel for the costs related to preparing the administrative motion. As discussed by the Court in

Case No.: 5:21-cv-03327-EJD
ORDER DENYING MOTION FOR LEAVE TO SEEK RECONSIDERATION
1

its earlier order, Defendant should not have had to spend money to force Plaintiff to comply with General Order 56.  *See Johnson v. Oak Creek Investments*, 2019 U.S. Dist. LEXIS 218538 (N.D. Cal. Dec. 19, 2019) (granting administrative motion and issuing monetary sanctions).  Because Plaintiff has not demonstrated that the decision to order sanctions was contrary to newly established law, clear error, or unjust, the Court **DENIES** Plaintiff's motion for leave to seek reconsideration.  *See, e.g.*, *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (noting that reconsideration of a final judgment, order, or proceeding is normally only appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law).

In the alterative, Plaintiff seeks a stay to permit him to seek a writ from the Ninth Circuit.  In determining whether to stay the case pending the resolution of Plaintiff's writ, the Court must consider: (1) whether Plaintiff is likely to succeed on the merits; (2) whether Plaintiff will suffer irreparable harm absent a stay; (3) whether issuance of the stay will substantially injure Defendant; and (4) whether the public interest favors a stay.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  Plaintiff sought the extraordinary remedy of mandamus in a prior, similar case.  The Ninth Circuit declined to issue a writ.  *See In re: Scott Johnson*, No. 19-72807 (9th Cir. Dec. 18, 2019).  The Court thus finds that Plaintiff is unlikely to succeed on the merits and **DENIES** Plaintiff's request to stay the case.

**IT IS SO ORDERED.**

Dated: December 28, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-03327-EJD
ORDER DENYING MOTION FOR LEAVE TO SEEK RECONSIDERATION
2